

# THE ATTORNEY GENERAL
## OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 18, 1977

The Honorable Robert H. Green
Chairman of the Board
Texas State Board of Landscape
    Architects
320 Sam Houston Building
Austin, Texas   78701

Opinion No. H- 926

Re:  Constitutionality of
requirement that a landscape
architect be a United
States citizen and Texas
resident.

Dear Mr. Green:

You have asked our opinion whether the State Board of
Landscape Architects may constitutionally enforce the
citizenship and residence requirements for registration of
landscape architects and landscape irrigators as stated in
section 5(a)(2) of article 249c, V.T.C.S.  That section
provides in pertinent part:

> Any person who is a resident of the
> State of Texas and a citizen of the United
> States over the age of 21 years, possessing
> good moral character, and having or holding
> a degree from a school whose study of land-
> scape architecture is approved by the board,
> or shall have had not less than seven years
> actual experience in the office of a
> licensed landscape architect, may apply for
> examination and such application shall be
> accompanied by a fee of $50.

This office has previously concluded that statutory
requirements of United States citizenship may not constitutionally
be applied to deny examination and licensing to noncitizen
applicants by the State Board of Medical Examiners, Attorney
General Opinions H-157 (1973), R-2247 (1950), O-866 (1939),
by the State Board of Public Accountancy, Attorney General
Opinion H-81 (1973), or by the Board of Vocational Nurse
Examiners, Attorney General Opinion M-447 (1969).  Any doubt

as to the correctness of these decisions has been conclusively resolved by the United States Supreme Court in Examining Board of Engineers, Architects and Surveyors v. Flores de Otero, 96 S.Ct. 2264 (1976). See also In re Griffiths, 413 U.S. 717 (1973); Sugarman v. Dougall, 413 U.S. 634 (1973) and Graham v. Richardson, 403 U.S. 365 (1971). The Court there found no substantial or constitutionally permissible governmental interest in a requirement of United States citizenship for registration as a licensed engineer, architect or surveyor in the Commonwealth of Puerto Rico. Under these authorities, the State Board of Landscape Architects may not constitutionally deny examination or registration as a landscape architect to any applicant because he is not a citizen of the United States.

Section 5(a)(2) also requires that an applicant for examination as a landscape architect be a resident of Texas. We note, however, that section 6 of article 249c provides for the registration without examination of an applicant who is legally registered as a landscape architect or irrigator in another state where requirements for registration are at least substantially equivalent to the requirements of Texas, so long as the applicant's state of registration extends the same privilege of reciprocity to landscape architects and irrigators registered in Texas. We are advised that almost all states, including all adjoining states, have registration procedures and reciprocity policies which enable landscape architects licensed therein to practice their profession in Texas, and that no occasion has arisen in which a nonresident landscape architect has been denied registration under Texas' reciprocity policy. Inasmuch as the residence requirement of section 5(a)(2) apparently presents no obstacle to nonresident landscape architects who wish to be registered in this State, and could involve a balancing of factual considerations which are not before us, we believe an evaluation of the constitutionality of that residence requirement, under either the Equal Protection Clause of the Fourteenth Amendment or the Commerce Clause of the Constitution, to be an inappropriately speculative and academic endeavor.

We note that the citizenship and residence requirements of section 5(a)(2) apply only to the examination of landscape architects. No citizenship or residence requirement is imposed upon landscape irrigators under section 5(b) of article 249c. To be eligible for registration as a landscape irrigator, an applicant must merely be "of good moral character," and have "by a uniform, reasonable examination," shown himself qualified to engage in the business of landscape irrigation.

## S U M M A R Y

The Texas State Board of Landscape
Architects may not constitutionally deny
examination or registration as a landscape
architect because the applicant is not a
citizen of the United States.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb